IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERTA SHERROD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-04103-NKL |
| | ) |
| STATE OF MISSOURI, | ) |
| DEPARTMENT OF REVENUE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Defendant State of Missouri, Department of Revenue's Motion to Dismiss, Doc. 11. For the following reasons, the motion is granted.

**I.   Background[1]**

During "the late 1990's," Plaintiff Roberta Sherrod worked for the Defendant Missouri Department of Revenue. Doc. 4-1, p. 1. In "1997 and 1998," she began to have respiratory problems, and was diagnosed with Reactive Airway Disease. Doc. 4, p. 6. Plaintiff's doctor attributed the disease to her work in the Truman Building, in Jefferson City, Missouri, and repeatedly wrote to the Defendant requesting that she be transferred to another location. In spite of the requests, Defendant refused to accommodate Plaintiff with a transfer. Defendant also did not allow Plaintiff to take her medication as prescribed, and instead only allowed her to take it

---

[1]   The facts are found in Plaintiff's Complaint. Doc. 4. For purposes of deciding the Defendant's Motion to Dismiss, the Court accepts the Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *See Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

while she was on her breaks.  Ultimately, in 1998, Plaintiff "was removed on a stretcher" from work, and placed on long term disability.  Doc. 4-1, p.1.

Since then, Plaintiff has had an ongoing worker's compensation case for over eighteen years.  On February 17, 2017, Plaintiff filed a Charge of Discrimination with the EEOC.  After the charge was dismissed, she subsequently brought this suit pro se, alleging hostile work environment and disability discrimination under Title VII of the Civil Rights Act and the Americans with Disabilities Act.[2]

## II. Discussion

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Such a complaint will be liberally construed in the light most favorable to the plaintiff.  *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Defendant argues that Plaintiff's claims are time-barred under both the ADA and Title VII.  "As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the

---

[2] Although Plaintiff only checked the Americans with Disabilities Act box on the complaint, she subsequently marked that she was discriminated against on the basis of her race, her description of the facts of this case indicates that other races were treated differently, and her charge of discrimination with the EEOC raises both ADA and Title VII claims.  Furthermore, Defendant's motion to dismiss itself notes the claims are raised under both statutes, and thus it will be treated as such.

defense.'" *Couzens v. Donohue*, 854 F.3d 508, 516 (8th Cir. 2017) (quoting *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 365 (8th Cir. 2011)). Here, the complaint establishes that Plaintiff's claims are time-barred.

As a condition precedent to maintaining an action under either the ADA or Title VII, a plaintiff must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002); *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005). "Under the ADA, an employee must file a charge of discrimination—including failure to accommodate—within 300 days of the alleged discrimination." *Henderson*, 403 F.3d at 1032. The cause of action accrues on the date that "the adverse employment action is communicated to the employee." *Id.* (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)). Hostile work environment claims under Title VII require an employee to file a charge of discrimination with the EEOC within 300 days of any act that contributes to the claim. 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

All of the events on which Plaintiff bases her claims occurred nearly two decades ago. Page five of the complaint asks Plaintiff to complete the following sentence: "It is my best recollection that the alleged discriminatory acts occurred on the following date(s): _____." Plaintiff wrote "1998." Moreover, the complaint also states that the Defendant "refused to accommodate a doctor ordered transfer" before it states "[Plaintiff] was eventually removed on a stretcher and was placed on long term disability." Doc. 4, p. 6. According to the complaint, Plaintiff has been on long term disability "since March 13, 1998." Doc. 4-1, p. 1. Therefore her

3

failure to accommodate claim must have accrued before that date, nearly twenty years ago. Any act that may contribute to Plaintiff's hostile work environment claim also must have occurred before she was placed on long term disability.

Plaintiff filed her charge of discrimination with the EEOC for the first time on February 17, 2017. Nothing in the complaint occurred in the time since 1998, which is well beyond the 300 day requirement. Plaintiff argues against dismissal on the grounds that she still has a worker's compensation case pending, and argues that because she never resigned, she should still be considered a state employee. However, Plaintiff's arguments are not relevant to the statute of limitations issue. To be timely, charges under the ADA and Title VII must be filed within 300 days of the alleged act of discrimination. Plaintiff's employment status and pending worker's compensation case have no bearing on the timeliness of this action.

### III. Conclusion

For the reasons set forth above, Defendant's motions to dismiss, Doc. 11, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 21, 2017
Jefferson City, Missouri